# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2012

No. 12-50218
Summary Calendar

Lyle W. Cayce
Clerk

OLIVER ESHMAN LISTER, II,

Plaintiff-Appellant

v.

SERGEANT TODD PETERSON, John B. Connally Unit; LIEUTENANT
STEVEN HAVARD, John B. Connally Unit; SHIFT CAPTAIN JOHN DOE, John
B. Connally Unit; DISCIPLINARY HEARING CAPTAIN, John B. Connally
Unit; OFFICER FNU MARTINEZ, John B. Connally Unit; MAJOR DARREN B.
WALLACE, John B. Connally Unit; WARDEN PAUL MORALES; ASSISTANT
WARDEN JOEL BARBOSA, John B. Connally Unit; ASSISTANT WARDEN
CAROL MONROE, John B. Connally Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-454

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oliver Eshman Lister, II, Texas prisoner # 1279183, moves for leave to
proceed in forma pauperis (IFP) on appeal from the district court's dismissal of
his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues in his one-page brief that he is entitled to proceed IFP because he did so in the district court and because the interests of justice require it. That is the entirety of Lister's argument.

When a district court certifies that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a litigant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If the court upholds the district court's certification that the appeal is not taken in good faith and the litigant persists in the appeal, he must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Id.* at 202. If the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

Because the district court certified that Lister's appeal was not taken in good faith, he is not entitled to proceed IFP on appeal merely because he did so in the district court. *See* FED. R. APP. P. 24(a)(3)(A). Lister has briefed no other issues for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). This court denies the IFP motion and dismisses the appeal as frivolous on those grounds. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike, as does the district court's dismissal of Lister's action. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The district court previously dismissed another of Lister's civil rights actions as frivolous and for failure to state a claim. *Lister v. Smith*, No. 5:07-CV-754 (W.D. Tex. Mar. 26, 2008) (unpublished). Because Lister has accumulated three strikes, he may not proceed IFP in a civil action or appeal unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Finally, we deny Lister's motion for appointment of counsel.

IFP DENIED. APPEAL DISMISSED. 28 U.S.C. § 1915(g) SANCTION BAR IMPOSED. APPOINTMENT OF COUNSEL DENIED.